UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BUTLER,<br><br>    Petitioner,<br><br>    v.<br><br>JOSIOS SALAZAR,<br><br>    Respondent. | No. 2:17-cv-02488 KJM AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a former federal inmate proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons explained below, the undersigned recommends that petitioner's habeas corpus application be dismissed as moot.

I.      Factual and Procedural History

Petitioner is challenging a prison disciplinary conviction and is seeking the restoration of 14 days of good time credit. ECF No. 1 at 4. On October 13, 2023, the undersigned issued an order for petitioner to show cause why his habeas petition should not be dismissed as moot based on his release from incarceration. ECF No. 16. Petitioner has failed to respond to the order to show cause.

/////

II. <u>Legal Standards</u>

Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. <u>Deakins v. Monaghan</u>, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." <u>United States v. Verdin</u>, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted) (rejecting argument that appeal was moot because appellant was released from prison, but still on supervised release). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." <u>Outdoor Media Group, Inc. v. City of Beaumont</u>, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). A case or controversy must exist throughout all stages of litigation. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. <u>Id.</u> at 7.

III. <u>Analysis</u>

In this case, petitioner has been released from custody during the pendency of the proceeding. Because the BOP has already released petitioner, even with the adverse disciplinary conviction from 2017 remaining on his record, there is no relief that can be provided by a favorable judicial decision. Absent demonstrable collateral consequences arising from his prison disciplinary conviction, petitioner's case is moot. See <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (stating that "[o]nce the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained."). Petitioner did not respond to the court's order to show cause why the case should not be dismissed as moot, or otherwise demonstrate the existence of collateral consequences. Therefore, the undersigned recommends dismissing the pending § 2241 petition as moot.

////

////

       IV.    <u>Plain Language Summary for Party Representing Himself in Court</u>

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your case is being dismissed because there is no longer an ongoing controversy about your 2017 prison disciplinary conviction since you have been released from incarceration and did not respond to the court's order to show cause why the case should not be dismissed as moot.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be denied as moot based upon petitioner's release from confinement.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2024

                                                _/s/ Allison Claire_
                                                ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE